TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Tamar Searles

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamar Searles, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Tamar Searles, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Tamar Searles (hereafter "Plaintiff"), is an adult individual residing at 1120 West Seventh Street, Parker, Arizona 85344, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Thunderbird Collection Specialists, Inc. (hereafter "Thunderbird"), is a company with an address of 3200 North Hayden Road, Suite 100, Scottsdale, Arizona 85251, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Thunderbird and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Thunderbird at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Tamar allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for a medical bill in the approximate amount of $1,079.00.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Thunderbird for collection, or Thunderbird was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Thunderbird Engages in Harassment and Abusive Tactics

12. Within the past year, Thunderbird called Plaintiff in an attempt to collect the Debt.

3

13. During a conversation with Thunderbird, Tamar agreed to settle the Debt at a reduced amount of $750.00 once she received her income tax return in February of 2012.

14. Thunderbird agreed to accept $750.00 as full satisfaction of the Debt.

15. After Tamar received her tax return, she contacted Thunderbird to settle the Debt for $750.00, as previously agreed upon; however, Thunderbird refused and instead demanded that Tamar pay $1,079.00 to satisfy the Debt.

16. As a result of Thunderbird's refusal to honor its promise to accept $750.00, Tamar disputed the Debt, refused to pay, and instructed Thunderbird to stop calling her.

17. Despite Tamar's unequivocal instructions that Thunderbird cease calling her, Thunderbird continued to call Tamar at an excessive rate on her cellular telephone.

18. Thunderbird proceeded to call Tamar at her place of employment in an attempt to collect the Debt.

19. Specifically, on September 19, 2013, Thunderbird called Tamar at her workplace. Tamar informed Thunderbird that the calls to her workplace were inconvenient and were prohibited by the policy of her employer; therefore, Tamar instructed Thunderbird to cease calling her workplace.

20. Despite Tamar's unequivocal instructions, Thunderbird proceeded to place three additional calls within ten (10) minutes to Tamar at her workplace. Thunderbird

made these calls on September 19, 2013 – the exact same day that Tamar instructed Thunderbird to stop calling her workplace.

21. Five days later, on September 24, 2013, Thunderbird called Tamar's place of employment and spoke with her employer.

22. Specifically, on September 24, 2013, Dan Grady with Thunderbird spoke with Tamar's employer and stated that he was a debt collector with Thunderbird Collection Specialists and was calling to verify Tamar's employment. This caused a great amount of embarrassment and distress to Tamar, as Tamar then had to explain to her boss and co-workers why they should avoid Thunderbird's phone calls.

23. On October 10, 2013, Plaintiff's husband, Matthew Searles, called Thunderbird and advised Thunderbird that Tamar had retained the law firm of Lemberg & Associates to handle this matter and provided Thunderbird with the attorney's contact information.

24. Approximately one (1) hour later, after having been informed of Plaintiff's legal representation, Thunderbird called Tamar's cellular telephone.

25. Furthermore, Thunderbird proceeded to call Tamar's cellular telephone again on October 26, 2013, asking when Tamar intended to pay the Debt. Tamar told Thunderbird once again that she had retained Lemberg & Associates to handle this matter.

5

26. Thunderbird failed to inform Tamar of her rights by written correspondence within five days after the initial contact, including Tamar's right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

28. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants contacted Tamar at a place and during a time known to be inconvenient for Tamar, in violation of 15 U.S.C. § 1692c(a)(1).

31. The Defendants contacted Tamar at her place of employment, knowing that Tamar's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

32. The Defendants contacted Plaintiff after having knowledge that Plaintiff were represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

6

33. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

34. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

35. The Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

36. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

37. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

39. The Defendants failed to send Tamar an initial letter within five days of its initial contact with Tamar as required by law, in violation of 15 U.S.C. § 1692g(a).

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. Tamar incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

45. The Defendant intentionally intruded upon Tamar's right to privacy by continually harassing Tamar with the above referenced calls to her cell phone and to her place of employment.

46. The telephone calls made by Defendants to Tamar were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

47. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, Tamar is entitled to actual damages in an amount to be determined at trial from Defendants.

49. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

    E. Punitive damages; and

    F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 20, 2013        LEMBERG & ASSOCIATES, LLC


By: _/s/  Trinette G. Kent_
Trinette G. Kent

Attorney for Plaintiff,
Tamar Searles